**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SATNAM SINGH RANDHAWA, | No. 07-71830 |
| Petitioner, | Agency No. A072-171-361 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 15, 2011
Seattle, Washington

Before: KLEINFELD, TASHIMA, and SILVERMAN, Circuit Judges.

Satnam Singh Randhawa, a native and citizen of India, petitions for review

of the Board of Immigration Appeals's (BIA) dismissal of his appeal of an

Immigration Judge's (IJ) denial of his application for adjustment of status.  The IJ

found Randhawa statutorily ineligible under 8 U.S.C. § 1255(d) because he had

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

previously been admitted under a K-1 visa but had failed to marry his sponsoring American fiancée. The BIA affirmed, finding that 8 C.F.R. § 1245.2(a)(1)(ii) clarified the procedures for arriving aliens in removal proceedings and nullified Randhawa's argument that Bona v. Gonzales, 425 F.3d 663 (9th Cir. 2005), would allow for his adjustment of status.

Randhawa's argument, that he was an "arriving alien" when he returned to the United States in 2000 under advance parole, does not address the problem that the application for adjustment was never allowable under subsection 1255(d). Randhawa's citations to case law are inapposite because they do not address this specific bar established by Congress in the Immigration Marriage Fraud Amendments of 1986. Kalal v. Gonzales, 402 F.3d 948 (9th Cir. 2005), thus controls. Kalal specifically rejected a petitioner's attempt to avoid the subsection 1255(d) bar to admission because her formal status was, like Randhawa's, erroneously changed in the interim. Id. at 952.

Randhawa's alternative argument, that he should be treated as an alien who was inspected and admitted into the United States in 2000, fails because he had been granted advance parole at the time. Because of this, he was deemed to have

2

not yet been "admitted" into the United States, and his situation is still analogous to the petitioner's in Kalal. We applied subsection 1255(d) in that case to foreclose the petitioner from adjusting her status under subsection 1244(i). Id. It applies to Randhawa's case, as well. Randhawa's is an unusual and close case, but even unpublished decisions of the BIA are entitled to a degree of deference under Skidmore v. Swift & Co., 323 U.S. 134, 140 (1944). See United States v. Mead Corp., 533 U.S. 218, 227–28 (2001); Edu v. Holder, 624 F.3d 1137, 1143 (9th Cir. 2010). We give Skidmore deference to the BIA's decision in this case, applying the statute and regulations to a factual context in which they are ambiguous.

Finally, Randhawa waived his argument that the BIA erred in concluding he had not adequately brought the issue of voluntary departure to the attention of the IJ. His entire argument on voluntary departure consists of only two conclusory sentences without any reasoning or citation to authority. See Indep. Towers of Wash. v. Washington, 350 F.3d 925, 929–30 (9th Cir. 2001). "A bare assertion of an issue does not preserve a claim." D.A.R.E. Am. v. Rolling Stone Magazine, 270 F.3d 793, 793 (9th Cir. 2001). The claim for voluntary departure is consequently waived.

The petition for review is therefore **DENIED**.